IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

v.            Civil No. 04-6070
Criminal No. 6:01cr60017

DONNIE R. LONG                             DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this court is the motion and amended motion to vacate, set aside or correct sentence pursuant to *28 U.S.C. § 2255* (Doc. #140, 141) filed herein by the defendant/movant, Donnie R. Long (hereinafter "Long").

Before the undersigned for consideration is Long's motion to withdraw his *§ 2255* motion (Doc. #145) and his alternative motion to transfer his case to the United States Court of Appeals for the Eighth Circuit. (Doc. #146)

In his pending motions, Long concedes that he previously filed a *pro se § 2255* motion which was ultimately dismissed. (T. #125) That motion was denied by order of this court entered on November 17, 2004. (Doc. #132) Long further notes that leave must be granted by the United States Court of Appeals for the Eighth Circuit for Long to file a second or successive *§ 2255* motion. (Doc. #145, 146)

Long is correct. This court lacks jurisdiction to consider the pending successive *§2255* motion in that leave has not been granted by the court of appeals for the filing of the motion. *See 28 U.S.C. § 2255* (movant must obtain leave from the appropriate court of appeals authorizing the district court to consider a second or successive *§ 2255* application); *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional

suspension of the writ of habeas corpus); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(Only the Court of Appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D. Ark 1996) (citing *Nunez*).

As this court lacks jurisdiction to consider Long's pending *§ 2255* motion, the motion must be dismissed. *United States v. Avila-Avila*, 132 F.2d 1347, 1348-49 (10th Cir. 1997) (district court lacks jurisdiction to consider a successive petition absent authorization from the appropriate court of appeals); *see also United States v. Lurie*, 207 F.3d at 10779 (*"§ 2255* motion is not inadequate or ineffective merely because *§ 2255* relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive *§ 2255* motion.").

The undersigned has considered Long's alternative request that this case be transferred to the United States Court of Appeals for the Eighth Circuit. However, it is found that the proper disposition is for the pending *§ 2255* motion to be dismissed for lack of jurisdiction without prejudice to Long seeking leave of the court of appeals for the filing of his successive *§ 2255* motion.

**Conclusion:**

Accordingly, it is recommended that Long's pending *§ 2255* motion be dismissed for lack of jurisdiction without prejudice to Long seeking leave of the United States Court of Appeals for the Eighth Circuit to file a second or successive *§ 2255* motion.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of August 2006.

                                               /s/ Bobby E. Shepherd
                                               HON. BOBBY E. SHEPHERD
                                               UNITED STATES MAGISTRATE JUDGE.